IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOS ALAMOS NATIONAL BANK, N.A.,

    Plaintiff,

v.   1:18-cv-00613-KG-JHR

FIDELITY BANK,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING FIDELITY
BANK'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE**

THIS MATTER comes before the Court on *Fidelity Bank's Motion to Extend Expert Disclosure Deadline*. [Doc. 58]. The Court, having considered the parties' submissions, the relevant law, and being otherwise fully advised in the premises finds that the Motion is well taken and should be granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of alleged breaches of a Mortgage Loan Servicing Rights Purchase Agreement (Agreement) by which LANB sold Fidelity the servicing rights to approximately 4,500 mortgage loans on real property in northern New Mexico. [Doc. 30-1]. The Agreement provides Fidelity several options in the event of a "defect" with any of the mortgages whose servicing rights Fidelity purchased. [Doc. 30-1, p. 31]. According to Fidelity, claims by the Pueblos of Nambe, Pojoaque, San Ildefonso, and Tesuque that certain county roads built by the County of Santa Fe trespass on tribal land impact the access roads to approximately 240 real properties subject to mortgages now serviced by Fidelity by virtue of the Agreement with LANB. [Doc. 4, pp. 9-11]. Fidelity further contends that the disputed access roads cloud title to the mortgaged properties. [*Id.*, p. 10].

On April 11, 2018, Fidelity wrote to LANB asserting that the Pueblos' Access Claims clouded title to approximately 240 mortgaged properties, rendering those mortgage loans "defective" within the meaning of the Agreement. [Doc. 30-2]. Fidelity demanded that LANB repurchase the defective loans. [*Id.*]. LANB refused and filed this declaratory judgment action, seeking a declaration that LANB did not cause a defect in the mortgage loans or servicing rights, has no obligation to repurchase the mortgage loans or servicing rights, and did not breach the Agreement. [Doc. 1]. Fidelity brought contractual and tort counterclaims against LANB, specifically, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, fraud by silence, and negligent misrepresentation. [Doc. 4, pp. 4-17].

The Court entered a Scheduling Order on September 19, 2018, which provided that LANB was to disclose its experts by January 25, 2019, Fidelity was to disclose its experts by February 25, 2019, and the termination of discovery was to be April 25, 2019. [Doc. 24, p. 2]. On January 4, 2019, LANB filed an Unopposed Motion to Modify the Pretrial Deadlines, which the Court granted January 7, 2019. [Doc. 40; Doc. 41]. The Order modifying the pretrial deadlines set the parties' expert disclosure deadline for affirmative experts for April 25, 2019, the parties' deadline to disclose rebuttal experts as May 27, 2019, and the termination of discovery for July 24, 2019. [Doc. 41, p. 1]. On March 29, 2019, LANB filed a Stipulation to Modify the Pretrial Deadlines to set Fidelity's expert disclosure deadline for April 25, 2019, LANB's expert disclosure deadline for July 24, 2019, and the termination of discovery for October 4, 2019. [Doc. 53, p. 1]. The Court

entered an Amended Scheduling Order adopting the parties' stipulated modification of the pretrial deadlines on April 1, 2019.[1] [Doc. 54].

On April 19, 2019, Fidelity moved for an extension of its April 25, 2019 expert disclosure deadline, seeking an additional 30 days to disclose its damages experts. [Doc. 58]. Fidelity disclosed a Geographical Information Systems (GIS) expert on the deadline, but claims that its experts on damages will rely on the GIS experts' 225-page report and it seeks an addition 30 days for them to review the GIS report and generate reports of their own. [Doc. 70, p. 2].

## II.   LEGAL STANDARD

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alteration in original) (internal quotation marks and citation omitted).

## III.   ANALYSIS

The Tenth Circuit has identified several factors to use in determining if good cause to modify a scheduling order exists, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *Derrick v. Standard Nutrition Co.*, No. 17-CV-1245 RB/SMV, 2018 WL 5635113, at *3 (D.N.M. Oct. 31, 2018) (applying the *Smith*

---

[1] The Amended Scheduling Order entered on April 1, 2019, stated that Fidelity's expert disclosure deadline was set for January 25, 2019. [Doc. 54, p. 2]. However, as the parties recognized in their briefing, this was a typographical error. The parties' stipulated expert disclosure deadline of April 25, 2019 was adopted by the Court.

factors in the context of a request to modify the scheduling order to extend the expert witness disclosure deadline). The movant's diligence is the touchstone of the above factors. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Balancing the *Smith* factors, the Court finds that Fidelity has established good cause to amend the Scheduling Order.

With respect to the first *Smith* factor, there is currently no trial setting. Accordingly, this factor weighs in Fidelity's favor. *Cf. Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 605 (10th Cir. 1997) (finding that trial was not imminent when the plaintiff filed a request for a new scheduling order 80 days before the trial setting).

The second factor—whether the request for an extension is opposed—weighs against Fidelity as LANB opposes the Motion. [Doc. 65].

The third factor—prejudice to the non-movant—weighs in Fidelity's favor. Fidelity has conceded that LANB's expert disclosure deadline should also be extended by 30 days. [Doc. 70, p. 2]. Such an extension would give LANB until August 23, 2019 to submit its expert disclosures. [Doc. 54]. This would allow LANB the 90 days after Fidelity's expert disclosure deadline to submit its expert disclosures, as contemplated by the parties' *Joint Stipulation to Modify Pretrial Deadlines* [Doc. 53]. It also allows LANB an additional 30 days after the disclosure of Fidelity's GIS expert to submit its expert disclosures since the GIS expert was disclosed on April 25, 2019. [Doc. 61]. Moreover, an August 23, 2019 deadline for LANB's expert disclosures would leave approximately six weeks for the parties to complete discovery and 90 days to file dispositive motions. [Doc. 54].

The fourth factor—Fidelity's diligence—also weighs in favor of granting the Motion. Due to an early Settlement Conference, ongoing discovery, and attempts to resolve their discovery

disputes, the parties agreed to extend the expert deadlines twice prior to the filing of the instant Motion. [Doc. 40; Doc. 53]. Fidelity timely submitted the disclosure of its GIS expert on April 25, 2019, having submitted a preliminary draft to LANB on April 11, 2019. [Doc. 61; Doc. 70, p. 2]. Prior to the expiration of that deadline, Fidelity filed the instant Motion seeking an additional 30 days in which to have its damages experts review and incorporate the 225-page GIS expert report into their respective damages analyses. [Doc. 58, pp. 2-3]. According to Fidelity, the damages assessments at issue will depend, in part, on the GIS expert's determination as to which of the mortgages' servicing rights are at issue. [Doc. 70, p. 2]. Fidelity was reasonably diligent in its attempts to comply with the April 25, 2019 expert disclosure deadline, and timely filed the instant Motion requesting an extension. [Doc. 58]. Accordingly, this factor weighs in Fidelity's favor.

The fifth factor—foreseeability of the need for additional discovery in light of the time allowed for discovery—weighs slightly against Fidelity. As LANB points out, Fidelity alleged in its *First Amended Counterclaim* filed September 20, 2019, that the real estate, mortgages, and associated servicing rights, were adversely affected by the Pueblos' Access Claims. [Doc. 26, ¶¶ 28-50]. Fidelity further alleged a potential buyback consequence to the servicers of the mortgages at issue resulting from the Pueblos' Access Claims. [*Id.*, ¶¶ 51-63]. Thus, as of September 20, 2019, Fidelity was aware of the need to determine which mortgages were in fact affected by the Pueblos' Access Claims and to determine the manner and extent to which this adversely impacted its servicing rights. Additionally, Fidelity indicated in the *Joint Status Report and Provisional Discovery Plan* submitted September 12, 2018, that it anticipated calling experts "on lending industry practices, including the application of relevant contracts between these parties and FNMA, the effect of the Access Claims on the title of the affected mortgage properties, and the diminished value of the affected servicing rights." [Doc. 20, p. 1].

5

In requesting an extension to disclose such experts, Fidelity states that the sequencing issue with regard to its expert disclosures only recently became apparent, thus necessitating the requested extension. [Doc. 2]. However, Fidelity does not explain why it did not, or could not through diligent efforts, anticipate that its damages experts would rely on the GIS expert report, and coordinate the completion of its expert disclosures accordingly. Nonetheless, the time elapsed between Fidelity's statement of intent to call damages experts and the deadline proposed in the instant Motion is approximately eight months. [Doc. 20; Doc. 58]. Of this eight months, three months represent stipulated extensions for Fidelity's expert disclosure deadline. [Doc. 40; Doc. 53]. While Fidelity may have been more diligent in beginning its GIS expert work to ensure timely completion of the damages experts' reports, the Court does not find there to be a lack of diligence sufficient to outweigh the other *Smith* factors as to good cause. *Compare Derrick*, No. 17-CV-1245 RB/SMV, 2018 WL 5635113, at *4 (finding lack of diligence where eighteen months after filing suit, the plaintiff had "done little more than interview potential experts by phone."). This factor, therefore, weighs only slightly against Fidelity.

Finally, as to the sixth *Smith* factor—the likelihood that the discovery will lead to relevant evidence—the Court is persuaded that the extension pertains to evidence relevant to Fidelity's damages claims. Indeed, LANB recognizes the relevance of such evidence, stating that it "has no way to know what 'damages' Fidelity claims to have suffered without Fidelity first producing…an expert damages report." [Doc. 65, p. 8]. This factor weighs in favor of Fidelity.

On balance, having considered the *Smith* factors and the purpose of the Court's procedural rules, the Court finds that Fidelity has demonstrated good cause to modify the Court's Scheduling

Order to extend the parties' expert disclosure deadlines by 30 days. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006) ("The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial.").

## IV.     CONCLUSION

For the foregoing reasons, *Fidelity Bank's Motion to Extend Expert Disclosure Deadline* [Doc. 58] is GRANTED. IT IS THEREFORE ORDERED that Fidelity's Expert Disclosure Deadline is extended to May 28, 2019 and LANB's expert disclosure deadline is extended to August 23, 2019.[2]

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

[2] On May 28, 2019, the Court entered Clerk's Minutes for an Informal Discovery Conference held that day, in which the Court extended all remaining Scheduling Order deadlines by two weeks. This extension would have resulted in an expert disclosure deadline for LANB of August 7, 2019. This Order supersedes the May 28, 2019 extension. As such, LANB's expert disclosure is set for August 23, 2019.