IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| LOS ALAMOS NATIONAL BANK, N.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:18-cv-00613-KG-JHR |
| FIDELITY BANK, | § § § | |
| Defendant. | § | |

## LOS ALAMOS NATIONAL BANK, N.A.'S
## MOTION FOR AWARD OF REASONABLE FEES AND EXPENSES

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), D.N.M.LR-Civ. 54.5(a), and the Court's Memorandum Opinion and Order [Dkt. 77] granting Los Alamos National Bank's Motion to Compel Interrogatory Answers [Dkt. 62] (the "Motion to Compel"), Plaintiff Los Alamos National Bank, N.A. ("LANB") moves for an order awarding LANB its reasonable attorneys' fees and expenses incurred in the filing and prosecuting of its Motion to Compel. In support, LANB respectfully shows the Court as follows:

On February 2, 2019, LANB served Defendant Fidelity Bank ("Fidelity") with five (5) interrogatories seeking basic information regarding the basis for Fidelity's counterclaims. Fidelity failed to answer any of them. LANB sought to resolve the issues pertaining to the interrogatories without court involvement, first by requesting and attending a meet-and-confer with counsel for Fidelity at 2:00 P.M. on March 15, 2019. Fidelity refused to provide responsive information during the meet-and-confer, and thereafter, LANB requested a discovery conference with the Court, which occurred on March 26, 2019. Fidelity was given still more time to answer the interrogatories, but when the deadline arrived for supplementing the answers, Fidelity again provided no answers. As a result, LANB was forced to file its Motion to Compel. On June 3,

2019, the Court granted LANB's Motion in its entirety. In granting the Motion, the Court held that "under Rule 37(a)(5)(A), LANB is entitled to reasonable expenses incurred in making this Motion" and instructed LANB to file the instant motion seeking its costs and fees associated with prosecuting the Motion to Compel. Dkt. 77 at 9; *see* FED. R. CIV. P. 37(a)(5)(A) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

To determine whether attorney's fees are reasonable, the court "must arrive at a 'lodestar' figure by multiplying the hours [prevailing] counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998); *see also Anchondo v. Anderson, Crenshaw & Assocs.*, 616 F.3d 1098, 1107 (10th Cir. 2010) (upholding lodestar calculation where an attorney "showed proper billing judgment" by expending a reasonable number of hours at "appropriate hourly rates of compensation").

In the present case, LANB has incurred $19,568.00 in attorney's fees based on 36.90 hours of services billed in connection with attempting to obtain answers to its interrogatories to Fidelity. *See* Affidavit of Robert P. Warburton, attached hereto as <u>Exhibit A</u>. *See* Exhibit A ¶¶ 6-7. As shown on the redacted invoices, those hours were spent:

- analyzing Fidelity's deficient discovery responses;
- conducting legal research regarding LANB's rights vis-à-vis the interrogatory deficiencies;
- conferring with Fidelity's counsel about the discovery responses in attempts to address the discovery dispute;
- preparing for and attending informal teleconferences with the Court;
- analyzing Fidelity's deficient supplemental responses,
- drafting the Motion;
- analyzing Fidelity's response to the Motion; and

2

- drafting a reply in support of the Motion.

*See id*. ¶ 7 and Exhibit A-2.  Fidelity purports to seek damages of nearly $5 million from LANB in this case.  The time devoted to the Motion was reasonable and necessary because it reflects the necessity of forcing Fidelity to respond to interrogatories regarding fundamental elements of its claims against LANB, and Fidelity's continued unwillingness to resolve the dispute informally.  *See id*. ¶¶ 6-7.  Further, given each attorney's relative experience and the requisite skill to perform the legal services properly, the hourly rates charged by each attorney and the hours devoted to the Motion are reasonable.  *See id*.

WHEREFORE, pursuant to Rule 37(a)(5)(A), LANB respectfully requests that this Court issue an order awarding LANB its reasonable attorneys' fees in the amount of $19,568.00 from Fidelity, and any other relief to which LANB may show itself justly entitled.

Dated: June 17, 2019                                  Respectfully submitted,

By: */s/ Robert P. Warburton* .
Robert P. Warburton
New Mexico Bar No. 6326
RPW@stelznerlaw.com
**STELZNER, WINTER, WARBURTON, FLORES, SANCHEZ, & DAWES P.A.**
302 8th Street NW, Suite 200
P.O. Box 528
Albuquerque, New Mexico 87103-0528
(505) 938-7770
(505) 938-7781 (Fax)

-and-

Eric R. Hail (*pro hac vice*)
ehail@hunton.com
Grayson L. Linyard (*pro hac vice*)
glinyard@hunton.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
(214) 979-3000
(214) 880-0011 (Fax)

**ATTORNEYS FOR PLAINTIFF
LOS ALAMOS NATIONAL BANK, N.A.**

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that Plaintiff's counsel has conferred with counsel for Defendant regarding the substance of the foregoing motion, but the parties were unable to reach a resolution of the matter, thereby necessitating the filing of the motion.

*/s/ Robert P. Warburton* .
Robert P. Warburton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of June 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means as more fully reflected in the Notice of Electronic filing.

*/s/ Robert P. Warburton* .
Robert P. Warburton

086903.0000026 EMF_US 74591652v5