IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| LOS ALAMOS NATIONAL BANK, N.A., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:18-cv-00613-KG-JHR |
| FIDELITY BANK, | § § § | |
| Defendant. | § | |

## AFFIDAVIT OF ROBERT P. WARBURTON

1. My name is Robert P. Warburton. I am over the age of 18 years, have never been convicted of a crime, and am otherwise competent to execute this affidavit. I am an attorney licensed by the New Mexico Supreme Court in 1990 to practice law before all New Mexico state and federal courts. I am a partner in the office of Stelzner, Winter, Warburton, Flores, Sanchez, & Dawes P.A., and the primary focus of my practice is civil litigation. Attached hereto as Exhibit A-1 is a true and correct copy of my curricula vitae. The information contained in Exhibit A-1 is true and correct.

2. I am counsel for Plaintiff Los Alamos National Bank ("LANB") in this action. I have gained personal knowledge of the facts stated in this affidavit in the course of my representation of LANB, and they are each true and correct. The opinions expressed in this affidavit are based on (i) my experience and professional judgment as a practicing attorney since 1990 as described above and in Exhibit A-1, (ii) my review of the documents and information described in this affidavit, (iii) my involvement in the instant case, and (iv) my understanding of the "lodestar method" used to determine the reasonableness of attorney's fees as set forth in applicable case law.

3. In connection with LANB's Motion to Compel Interrogatory Responses (the "Motion"), LANB has incurred $19,568.00 in attorney's fees. Attached hereto as <u>Exhibit A-2</u> are true and correct time records billed to LANB related to issues made the basis of the Motion.

4. The information contained in Exhibit A-2 is a true and accurate summary of business records of my co-counsel firm Hunton Andrews Kurth LLP ("Hunton"). Exhibit A-2 are attorney's fees invoices issued to LANB, and the entries contained in those time records and statements were made at or near the time of each act, event, condition, opinion, or diagnosis set forth in the statements. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth therein. The statements were kept in the course of a regularly conducted business activity.

5. Eric R. Hail, Grayson L. Linyard, and Ted A. Huffman are attorneys who have assisted in representing LANB in this action. Mr. Hail is a partner at Hunton with nearly fifteen (15) years of experience in complex commercial litigation, with particular focus on representing banks and other financial institutions in litigation and regulatory matters, including Los Alamos National Bank, N.A. and banks with similar operations. During that time, Mr. Hail has represented in excess of twenty-five (25) banks and financial institutions in litigation matters and those matters have involved, among other issues (1) disputes involving the sale of bank assets, including whole-bank asset sales and asset-specific transactions such as mortgage-related assets; (2) securities class actions, (3) alleged fraud, breaches of representations and warranties arising from purchase and sale transactions, and (4) consumer class actions arising from various consumer protection laws. During that time, Mr. Hail has gained specific expertise in the operations of national and community banks and the transactions they pursue, including the mortgage loan servicing rights purchase transaction at issue in this lawsuit.

6. Grayson Linyard is an associate at Hunton with ten (10) years of experience. Mr. Linyard devotes his practice to representing national and community banks and other financial institutions. Mr. Linyard works closely with Mr. Hail on a daily basis. Mr. Linyard served as a clerk to the Honorable Micaela Alvarez, United States District Judge for the Southern District of Texas, following law school. Ted Huffman is a fifth-year associate at Hunton and former clerk for the Honorable Jeff Kaplan of the Northern District of Texas, and more recently, the Honorable Barbara M.G. Lynn, Chief Judge of the United States District Court for the Northern District of Texas. Attached as Exhibits A-3, A-4, and A-5 are true and correct copies of curricula vitae for Mr. Hail, Mr. Linyard, and Mr. Huffman, respectively.

7. Each of the attorneys who have billed time to LANB in connection with the Motion work at the following hourly rates: Eric R. Hail, Partner, $675/hour; Grayson L. Linyard, Associate, $645/hour; and Ted A. Huffman, Associate, $535/hour. In my opinion, the hourly rates charged by these attorneys are reasonable, and they are commensurate with each attorney's relative experience and the complexity of the present case, the time and labor required, the novelty and difficulty of the questions involved, and the requisite skill to perform the legal services properly.

8. As reflected on Exhibit A-2, the attorneys have performed 30.40 hours of legal services for LANB in connection with the Motion. Those hours were spent analyzing Fidelity's discovery responses and two supplemental responses, conducting legal research, drafting the Motion and a reply in support of the Motion, conferring with Fidelity's counsel about the discovery responses, and preparing for and attending Court-ordered teleconferences in attempts to informally resolve the issues addressed in the Motion. In addition, Mr. Hail performed 4.5 hours assisting me with the Motion for Fees and with preparing the attorney-fee related

information required by the Court in its Order dated June 3, 2019. All of these fees would have been avoided had Fidelity complied with its discovery obligations made the basis of LANB's Motion. Further, the matter at hand involves a complex, multi-million dollar transaction. Specifically, it involves a purchase agreement whereby Fidelity acquired LANB's entire portfolio of mortgage servicing rights for over $4.5 million. Fidelity originally alleged in its counterclaim that the servicing rights to over 200 mortgages should be repurchased, and even now, the counterclaims seek repurchase of servicing rights to more than 100 mortgages. Thus, this matter involves complex issues pertaining to a large number of mortgages. Also, the counterclaims pertain to roadway access claims allegedly made by four different Pueblos, which implicate complicated Native American law and general real estate law. Finally, the amount in controversy here is significant as Fidelity claims in excess of $4,500,000.00 in damages.

9. Because Fidelity failed to provide complete responses to LANB's Interrogatories in a case involving a wide breadth of complex issues and such a high amount in controversy, as outlined in the Motion and the Court's Order granting same, significant attorney's fees were incurred simply trying to gain an understanding of the basis for Fidelity's counterclaims. For those reasons and for the reasons expressed in the Motion, it is my opinion that the number of hours and hourly rates reflected in Exhibit A-2 and in this affidavit are reasonable.

_____
Robert P. Warburton

SUBSCRIBED AND SWORN TO before me this 17th day of June, 2019.

_____
Notary Public for the State of New Mexico

My Commission Expires:

September 6, 2021

OFFICIAL SEAL
GRETCHEN ANNA BYRNE
Notary Public
State of New Mexico
My Comm. Expires 9-6-21

**AFFIDAVIT OF ROBERT P. WARBURTON** - Page 4