IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOS ALAMOS NATIONAL BANK, N.A.,

    Plaintiff,

v.                                                              1:18-cv-00613-KG-JHR

FIDELITY BANK,

    Defendant.

**MEMORANDUM OPINION AND ORDER ON LOS ALAMOS
NATIONAL BANK N.A.'S MOTION FOR REASONABLE FEES AND EXPENSES**

This matter comes before the Court on *Los Alamos National Bank, N.A.'s Motion for Award of Attorneys' Fees and Costs* [Doc. 26] filed on June 17, 2019. Having reviewed the parties' submissions and controlling law, the Court will award Los Alamos National Bank, N.A. (LANB) $7,494.50 in attorneys' fees and costs.

**BACKGROUND**

This case arises out of alleged breaches of a Mortgage Loan Servicing Rights Purchase Agreement (Agreement) by which Los Alamos National Bank (LANB) sold Fidelity Bank (Fidelity) the servicing rights to approximately 4,500 mortgage loans on real property in northern New Mexico. [Doc. 30-1].

On February 6, 2019, LANB served its First Set of Interrogatories and Requests for Production on Fidelity. [Doc. 46]. On March 26, 2019, the Court held an informal discovery conference to address the parties' discovery disputes, including disputes concerning Fidelity's discovery responses. [Doc. 51]. The parties were not able to resolve their disputes regarding Fidelity's discovery responses informally and on April 19, 2019, LANB filed its *Motion to Compel Interrogatory Answers* [Doc. 62]. On June 3, 2019, the Court granted the Motion to Compel and

on June 17, 2019, LANB filed the instant Motion, seeking to recover $19,568 in attorneys' fees associated with bringing its Motion to Compel. [Doc. 77; Doc. 86, pp. 2-3].

## LEGAL STANDARD

### The Law Regarding Attorneys' Fees

"The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" the Court to award attorney fees for discovery misconduct. *Id.* at 678. Rule 37(a)(5)(A) provides:

> "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if ... (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In other words, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010), § 2288, n.17), unless the failure to respond was substantially justified or an award or expenses would otherwise be unjust. *Id.* at *5.

In the event that the Court determines that fees must be awarded, the burden shifts to the applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted); *see Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate

hours expended and hourly rates."). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See id.* at 1201.

"The setting of a reasonable hourly rate is within the district court's discretion.... [and] [h]ourly rates must reflect the prevailing market rates in the relevant community." *Jane L.*, 61 F.3d at 1510 (internal quotation marks and citation omitted). The party requesting fees must provide the Court with sufficient information to evaluate prevailing market rates. *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006). The requesting party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255–56 (10th Cir. 1998). Where there is insufficient evidence concerning the prevailing market rates for attorney's fees may it, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257.

An applicant lawyer must keep "meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (internal quotation marks and citation omitted); *Case*, 157 F.3d at 1252 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). This concept is particularly apt "where a party is seeking to have his opponent pay for his own lawyer's work." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). As such, a lawyer's billing statement should "include the specific amounts of time allocated to each individual task." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award

accordingly." *Jane L.*, 61 F.3d at 1510 (internal quotation marks and citation omitted); *see Case*, 157 F.3d at 1252 (declining to award fees where the party failed to establish that an attorney's work was reasonably necessary to their case and because her billing statements were "not clear.").

**ANALYSIS**

LANB requests $19,568, for "36.90 hours of services billed in connection with attempting to obtain answers to its interrogatories." [Doc. 86, p. 2]. LANB's fee petition does not include an explanation or breakdown of the hours billed or fees requested. [*See generally* Doc. 86]. Robert P. Warburton, local counsel for LANB, submitted an affidavit in support of LANB's fee petition. [Doc. 86-1]. In his affidavit, Mr. Warburton states that LANB has incurred $19,568 in attorney's fees in connection with its Motion to Compel for work performed by his co-counsel, attorneys Eric R. Hail, Grayson L. Linyard, and Ted A. Huffman, of Hunton Andrews Kurth LLP. [*Id.* at 2]. Mr. Warburton also states that Mr. Hail, Mr. Grayson, and Mr. Huffman performed 30.40 hours of legal services in connection with the Motion to Compel and Mr. Hail performed an additional 4.5 hours assisting with the instant motion for fees.[1] [*Id.* at 3]. Mr. Warburton further states that Mr. Hail, Mr. Grayson, and Mr. Huffman billed time in connection with their work on the Motion to Compel at the following rates: Mr. Hail at $675 per hour, Mr. Linyard at $645 per hour, and Mr. Huffman at $535 per hour. [*Id.*]. Finally, Mr. Warburton opines that these hourly rates "are reasonable, and they are commensurate with each attorney's relative experience and the complexity of the present case[.]" [*Id.*].

---

[1] While this time spent on the fee petition is noted in Mr. Warburton's affidavit, LANB does not address it in the petition itself. Nor does LANB provide any billing or timekeeping records reflecting this time. [*See generally* Doc. 86; Doc. 86-3]. For this reason, the Court will not add the time to LANB's fee award. The Court also notes that given the relative simplicity of the task of preparing the fee petition, 4.5 hours of partner time seems excessive.

**Time Expended on the Motion**

Courts have an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). There are two elements to the reasonableness inquiry: first, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case*, 157 F.3d at 1249. With respect to legal research performed, the party requesting fees must provide enough information to determine whether the research was related to successful issues and reasonably necessary. *See id*. at 1252.

LANB has provided billing records for 28.6 hours of time billed in connection with the Motion to Compel. [Doc. 86-3].[2] This reflects 5.9 hours of time billed by Mr. Hail, 6.5 hours billed by Mr. Linyard, 14.7 hours billed by Mr. Huffman, and 1.5 hours of time billed by an individual identified on the Hunton Andrews Kurth LLP invoice as C.J. Baxter. [Doc. 86-3, p. 8]. Fidelity argues that the time billed for revising the motion to compel was excessive. [Doc. 87, p. 2].

The invoices submitted in support of the fee petition reflect that the total amount billed for revising the motion to compel was 7.8 hours. [Doc. 86-3, pp. 3, 7-8]. Mr. Hail billed 2.3 hours for revisions. [*Id.* at 3, 8]. Mr. Linyard also billed 2.3 hours for revisions [*Id.* at 7-8] and Mr. Huffman

---

[2] While LANB asserts that the billing submitted reflects 36.90 hours of time billed in connection with the motion [Doc. 86, p. 2] and Mr. Warburton states in his affidavit that his co-counsel performed 30.40 hours of legal services in connection with the motion [Doc. 86-1, p. 3], after review of the invoices submitted the Court concludes that these figures are incorrect. The 28.6 hours of billed time reflects a 1.8 hour reduction of the 3.2 hours billed by Mr. Hail on 3/8/2019 because only 1.4 hours of those hours were billed relative to the motion to compel. [Doc. 86-3, p. 1].

billed 3.2 hours for revisions [*Id.* at 3]. The Court agrees that the hours billed for two associate attorneys and one partner to revise the Motion appears excessive. The Court concludes that the 7.8 hours billed for revisions should be reduced to 5.5 hours, which includes the time billed by Mr. Hail and Mr. Huffman combined, and excludes the time billed for revisions by Mr. Linyard. [*Id.* at 3, 8].

Fidelity also challenges 1.5 hours billed by C.J. Baxter for preparing invoices for use in connection to the Motion to Compel. [Doc. 86-3, p. 8]. Fidelity objects to the billed time on the basis that it "appears ministerial in nature." [Doc. 87, p. 3]. "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Case*, 157 F.3d at 1254. Here, preparation of invoices to support LANB's fee application does not appear to be simply ministerial in nature, as the task involved the use of professional judgment and discretion in determining which billing tasks were reasonably related to the motion to compel and should be included in the fee petition. *See O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1089 (D.N.M. 2018) (recognizing that non-attorney time billed for tasks involving "knowledge of the applicable rules and the facts of cases" are not clerical or ministerial, as opposed to tasks such as printing, photocopying, faxing, mailing, formatting documents, and organizing files, which are clerical and for which professional fees are not compensable). The 1.5 hours billed for invoice preparation is compensable as the task was performed in preparing and presenting the fee petition and is not clerical or ministerial in nature.

In sum, the Court concludes that the hours billed in connection with LANB's Motion to Compel should be reduced by the 2.3 hours billed by Mr. Linyard for revisions. Mr. Linyard's time will be reduced from 6.5 hours to 4.2 hours, resulting in a total of 26.3 hours billed in

connection with the Motion to Compel. The Court finds that this amount of time is reasonable and not excessive, redundant or unnecessary.

**Hourly Rates**

LANB's fee petition did not include any discussion of the hourly rates charged by its attorneys for the work performed in connection with the Motion to Compel. Nor did it include any discussion of the prevailing market rates in this district. [*See generally* Doc. 86]. In his affidavit, Mr. Warburton discloses the rates requested for Mr. Hail ($675/hour), Mr. Linyard ($645/hour), and Mr. Huffman ($535/hour), and states that he believes these rates to be reasonable, and "commensurate with each attorney's relative experience and the complexity of the present case[.]" [Doc. 86-1, p. 2]. This conclusory statement is insufficient to demonstrate that the rates requested are reasonable in light of the relevant market value of legal services, which the Tenth Circuit has defined as "the price that is customarily paid in the community for services like those involved in the case at hand." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998); *see also Jane L.*, 61 F.3d at 1510 ("Hourly rates must reflect the prevailing market rates in the relevant community....Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state lawyer possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.").

Because the Court lacks adequate evidence to determine the prevailing market rate, it will use other factors, including its own knowledge, to establish the rate. *Case*, 157 F.3d at 1257. As this Court has recognized, "New Mexico is a relatively poor state, with some of the lowest hourly rates in the country." *XTO Energy, Inc. v. ATD, LLC*, 14-cv-01021, 2016 WL 1730171 at \*32 (D.N.M. 2016) (Recognizing that "[a] $400.00 rate would be close to the top, if not the top of the rates that the Court has approved or seen in New Mexico[.]"). This is true even where the attorneys

seeking fees do not practice within the district in which they are seeking fees. *See Jane L.*, 61 F.3d at 1510 ("Unless the subject of the litigation is so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area."); *see also Gottlieb v. Barry*, 43 F.3d 474, 485 n.8 (10th Cir. 1994) (recognizing that the relevant market rate is "based upon the norm for comparable private firm lawyers in the area in which the court sits"); *XTO Energy*, 2016 WL 5376322, at *28 ("The rates Holland & Hart charges other clients in different legal markets for different work is not relevant to determining whether the rates that Holland & Hart is charging to litigate the Manley and Betancur cases in Eddy County, New Mexico are reasonable."); *Nicholas v. Double J Disposal, Inc.*, 2016 WL 559185, at *3 n.2 (D. Colo. Feb. 12, 2016) (stating that the relevant community is "the place where the case is brought and where it would be tried," not where the attorneys requesting fees are based); *Wirtz v. Kan. Farm Bureau Servs., Inc.*, 355 F. Supp. 2d 1190, 1200 (D. Kan. 2005) (describing the "relevant community" as "the area in which litigation occurs").

A review of recent cases in this district reveals that the hourly rates billed by Mr. Hail (with 11 years of experience), Mr. Linyard (with 10 years of experience), and Mr. Huffman (with 5 years of experience) for the work performed on this case are significantly higher than the relevant market rate.[3] Accordingly, the Court will award fees for Mr. Hail at the rate of $350 per hour, for Mr. Linyard at a rate of $275 per hour and for Mr. Huffman at a rate of $225 per hour.

---

[3] *See Daniel & Max, LLC v. BAB Holding Co., LLC*, 19-cv-00173, 2019 WL 3936865, at *2 (D.N.M. Aug. 20, 2019) (awarding $450 per hour to an attorney with over 30 years of experience and $190 per hour to an attorney with 2 years of experience); *Casias v. Dep't of Corr.*, 16-cv-00056, 2019 WL 2881007, at *2 (D.N.M. July 3, 2019) (awarding $350 per hour to an attorney with 24 years of experience and $300 per hour to an attorney with 22 years of experience); *Array Techs., Inc. v. Mitchell*, 17-cv-00087, 2019 WL 2647642, at *2 (D.N.M. June 27, 2019); (awarding $295 per hour to an attorney with over 11 years of experience); *Baity v. Brad Hall & Assocs.*, 18-cv-0183, 2019 WL 2436262, at *2 (D.N.M. June 11, 2019) (awarding $300 per hour to an attorney with 16 years of experience); *Tenorio v. San Miguel Cty. Det. Ctr.*, 15-cv-00349, 2019 WL 2617998, at *2 (D.N.M. June 26, 2019) (awarding $400 per hour to an attorney with 26 years of experience and $225 per hour to an attorney with 4 years of experience); *O Centro Espirita*

To the extent that LANB argues that "attorneys on Fidelity's own team have charged rates comparable to, and even in excess of, those charged by LANB's attorneys in this matter" [Doc. 92, p. 2], this argument is unavailing. As support for this argument, LANB points to Fidelity's expert witness disclosure in this matter, in which Fidelity discloses Nancy Appleby, Esq., whose fees are listed as: $650 per hour for all services other than deposition or court testimony for which she charges $700 per hour. [Doc. 92-1, p. 1]. The fees of an attorney providing expert witness services, as opposed to legal services, are not indicative of the prevailing market rates for legal services similar to those for which fees are sought here. *See Lippoldt*, 468 F.3d at 1224–25 (Recognizing that an applicant for attorney's fees "must provide evidence of the prevailing market rate *for similar services* by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." (emphasis added) (internal quotation marks and citation omitted); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S.,* 343 F. Supp. 3d at 1085 (stating that the movant for fees must present evidence "regarding rates *for similar services* by lawyers of reasonably comparable skill, experience, and reputation in the relevant community and *for similar work*.") (emphasis added) (internal quotation marks and citation omitted).

---

*Beneficente Uniao Do Vegetal in U.S.*, 343 F. Supp. 3d at 1086 (awarding $350 per hour to attorneys with 44 and 17 years of experience); *Mosaic Potash Carlsbad, Inc. v. Lintrepid Potash, Inc.*, 16-cv-0808, 2018 WL 2994412, at *4 (D.N.M. June 14, 2018) (awarding $350 per hour to attorneys with 48 years of experience and over 29 years of experience, $275 per hour to attorneys with 13 and 11 years of experience, $220 to an attorney with 10 years of experience, $and 150 to attorneys with 2 years and less than 1 year of experience); *Auge v. Stryker Corp.*, 14-cv-1089, 2017 WL 4355974, at *4 (D.N.M. Sept. 28, 2017) (awarding $350 per hour to an attorney with 9 years of experience and $175 per hour to an attorney with 4 years of experience); (awarding $400 per hour to an attorney with 26 years of experience and $225 per hour to an attorney with 4 years of experience); *Envtl. Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, 16-cv-1056 WJ/JHR, 2018 WL 3210007, at *5 (D.N.M. June 28, 2018) (awarding $275 per hour to an attorney with 15 years of experience); *Schueller v. Wells Fargo & Co.*, No. 16-cv-0107, 2018 WL 2943245, at *5 (D.N.M. June 12, 2018) (awarding $250 per hour to an attorney with 19 years of experience and $200 per hour to an attorney with 13 years of experience); *CalMat Co. v. Oldcastle Precast, Inc.*, 16-cv-26, 2017 WL 8721999, at *5 (D.N.M. Apr. 14, 2017); (awarding $395 per hour to an attorney with 37 years of experience and $205 per hour to an attorney with 3 years of experience); *Payne v. Tri-State Careflight, LLC*, 278 F. Supp. 3d 1276, 1298 (D.N.M. 2017) (awarding $350 per hour to an attorney with over 30 years of experience); *Fallen v. GREP Sw., LLC*, 247 F. Supp. 3d 1165, 1198 (D.N.M. 2017) (awarding $375 per hour to an attorney with 18 years of experience); *Martinez v. Salazar*, 14-cv-534, 2017 WL 3405604, at *3 (D.N.M. Mar. 21, 2017) (awarding $225 per hour to an attorney with over 10 years of experience and $200 per hour to an attorney with 7 years of experience).

Given the above, the Court will award the following amount:

|  | Hours | Rate | Amount |
|---|---|---|---|
| Eric Hail | 7.7 | $350 | $2,295.00 |
| Grayson Linyard | 4.2 | $275 | $1,155.00 |
| Ted Huffman | 14.7 | $225 | $3,307.00 |
| C.J. Baxter | 1.5 | $225 | $337.50 |

**Total: $7,494.50**

**CONCLUSION**

The purpose of fee-shifting rules "is to protect and further legal rights by removing a disincentive to vindicating those rights (namely, the cost of retaining attorneys to pursue the rights) and creating a disincentive to violating them or failing to compensate victims for violations (namely, the cost of paying for the victim's attorneys)." *Centennial Archaeology, Inc.*, 688 F.3d at 679 (citations omitted). That being said, "[i]t remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares*, 801 F. 2d at 1210. The Court finds that LANB is entitled to its attorneys' fees associated with the filing of its motion to compel, but for the reasons described above, will reduce the requested award. As such, LANB's motion for fees is granted in part and denied in part. Fidelity shall pay LANB **$7,494.50** within thirty (30) days of the entry of this order.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE